PEOPLE ex rel. HAERLE v. BOARD OF SUP'RS OF ROCKLAND COUNTY.

(Supreme Court, Appellate Division, Second Department.   June 7, 1898.)

COMPROMISE AND SETTLEMENT—OFFICERS—PAYMENT OF SALARY.

Where a public official presents to a board of audit an itemized bill for services, which the board in the lawful exercise of its judicial power allows in part and rejects in part, and he accepts the amount for the part allowed him, he thereby waives any further right to insist upon payment of the balance rejected.

Certiorari by the people, on the relation of George Haerle, to review the proceedings of the board of supervisors of the county of Rockland disallowing the claim of relator for services alleged to have been performed by him as a justice of the peace of the town of Clarkstown, in the county of Rockland, for the year of 1895. Writ quashed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Richard S. Harvey, for relator.

William P. Banigan (Alonzo Wheeler, on brief), for respondent.

HATCH, J. It appears without dispute that the defendant, as a magistrate of the town of Clarkstown for the years 1894 and 1895, presented a bill for services rendered as such magistrate for such years to the town board, sitting as a board of audit, in the year 1895. The amount of such bill as then presented was $643.70. The board proceeded to audit said bill, and allowed specified items thereof, which it stated as the result of the audit, amounting to $39.45 in the aggregate, and rejected the remainder of the bill. Subsequently the board of audit passed a resolution authorizing the relator to present an amended bill, and thereafter, and on December 10, 1897, he filed a bill, consisting of a part of the same items which had been contained in his previous bill, rejected by the board, excluding those, as we assume, for which an allowance had been had. The board of audit again rejected the bill, from which an appeal was taken to the board of supervisors of the county of Rockland, as provided by the statute. Laws 1890, c. 569. The board of supervisors considered the bill, and rejected the same. This proceeding seeks to review such action.

It is not necessary for us to consider whether leave given by the board of town audit to present an amended bill, made up of rejected items, was valid or not. We may assume that it was. Neither is it necessary for us to consider whether the board of supervisors passed upon the merits of the relator's claim. We may assume that they did not. These assumptions, however, do not aid the relator. When his first bill was presented, it was allowed in part, and the part for which it was allowed he thereafter accepted. By such acceptance he precluded himself from insisting upon any further audit of his claim. The action of the board of audit constituted an adjudication of the amount he was entitled to have and receive on account of his claim, and when he accepted the benefits of such adjudication he waived any further right to insist upon any further payment of the bill then presented. People v. Board of Sup'rs of Queens Co., 33 Hun, 305; People v. Board of Sup'rs of Cayuga Co. (Sup.) 17 N. Y. Supp. 314; People v. Board of Sup'rs of Cortland Co. (Sup.) 15 N. Y. Supp. 748. The acceptance in this case was in no sense conditional, nor was the claim of such a character as required the board of audit to allow without reduction, where waiver by acceptance of the part allowed has been held not to preclude the party. People v. Board of Sup'rs of Hamilton Co. (Sup.) 10 N. Y. Supp. 88. The board of audit in the present case had authority to determine the correctness of the relator's bill, and therefore their action was not only judicial, but a lawful exercise of the judicial power. This was recognized by the relator himself when he voluntarily struck out from his bill the sum of $300. It follows that the relator is estopped from asserting any legal right in the premises.

The writ should therefore be quashed. All concur.