could not be interpreted as an assurance on the part of Illman that no one was in the pit, and therefore that the hostler was relieved from making an investigation in that regard. Indeed, it very conclusively appears that Chamberlain did not so interpret the statement; for he sounded the whistle and rung the bell, all of which was unnecessary, except for the purpose of warning any person who might be in the pit underneath. The rules in force upon practically all railroads require that, before a standing engine is put in motion, the bell shall be rung. If a superintendent should give an order directing that an engine standing not in his view should be moved, and should state that everything was ready for its starting, could such an order and statement be interpreted by the engineer to mean that he was not required to ring the bell—that it was permissible for him to violate the express rules of the company in that regard?

In the case at bar, if Chamberlain was authorized, by reason of what was said by Illman, to violate the express instructions which required him to look under an engine before moving it from the ashpit, he was equally authorized to omit sounding the whistle or ringing the bell. We think the order given and statement made by the superintendent did not authorize the hostler to move the engines in question, except in the ordinary way and after having taken the precautions imposed upon him by the express instructions of the defendant for the protection of his co-employés, viz., before moving an engine from the ashpit to see that no one was underneath, and then to sound the whistle and ring the bell; that the accident in question resulted solely because of the negligence of Chamberlain in failing to obey such instructions; and that for such negligence the defendant is not liable. Having reached the conclusion that the evidence fails to establish that the superintendent, Illman, was guilty of negligence which caused or in any manner contributed to the accident, it is unnecessary to consider any other of the questions raised by this appeal.

It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

---

(117 App. Div. 831)

## UBART v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

1. PLEADING — ISSUES — DENIAL OF IMMATERIAL ALLEGATIONS — RESIDENCE OF PLAINTIFF.

The residence of plaintiff not being material to her cause of action, but only to the jurisdiction of the court, allegation thereof in the complaint is immaterial, so that no issue is raised thereon by the denial in the answer; but, to allow of litigation of a fact on which jurisdiction depends, the issue must be raised by plea to the jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 259.]

2. PLEADING—DENIAL ON INFORMATION AND BELIEF.

Denial in the answer "on information and belief" of any knowledge or information sufficient to form a belief is not a good denial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 249-252.]

Appeal from Trial Term, Westchester County.

Action by Lizzie Ubart, for whom John Ubart, her administrator, was substituted on her death after entry of judgment, against the Baltimore & Ohio Railroad Company, for negligence. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

J. P. Cotton, Jr. (H. A. Moore, on the brief), for appellant.
Louis J. Vorhaus (Charles Goldzier, on the brief), for respondent.

GAYNOR, J. It is claimed by the appellant that the plaintiff (now deceased) was not a resident of the state at the time of the commencement of the action, and therefore could not maintain the action for the reason that the appellant is a foreign corporation (Code Civ. Proc. § 1780). There was no such issue on the pleadings. Our Supreme Court being a court of general jurisdiction its jurisdiction is presumed unless lack of jurisdiction appear on the complaint itself. It is true that the complaint alleged that the plaintiff was a resident of the state, but no issue could be raised thereon by the denial, because it was an unnecessary allegation. It was no part of and therefore immaterial to the cause of action, and (as is the everyday rule) no issue can be joined on an immaterial allegation in a pleading. Brown v. Travelers' Life Ins. Co., 21 App. Div. 42, 47 N. Y. Supp. 253; Linton v. Unexcelled Fireworks Co., 124 N. Y. 533, 27 N. E. 406. The residence of the plaintiff was material to the jurisdiction of the court, not to the cause of action. Her nonresidence was a defence, and had to be pleaded as such in the answer to be put in issue; and the burden of proof thereon would be on the defendant, as is the case with all defences. It was not so pleaded. No issue of fact can be litigated which the pleadings do not present. The plaintiff could not be confronted with an issue of her nonresidence on the trial any more than with any other issue of fact not presented by the pleadings. That if it happened to appear on the trial by the plaintiff's testimony or otherwise that the plaintiff was a nonresident the court would on the defendant's motion have to dismiss the case, or could do so of its own motion, or even on a motion before trial, the facts being undisputed (Robinson v. Oceanic Nav. Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636), is another question altogether. We are now dealing with a question of pleading. A plea to the jurisdiction for nonresidence, or on any other question of fact, has to be made now as formerly by the defendant. The plea or defence of no jurisdiction has not been abolished. A party may not be surprised by such a question on the trial. Where jurisdiction depends on a question of fact, that fact must be made an issue by the pleadings in order to be litigated, and as the fact is decided so is the question of jurisdiction determined. Matter of City of Mt. Vernon, 34 Misc. Rep. 225, 68 N. Y. Supp. 823. If such issue be not presented by the pleadings evidence thereon would have to be excluded for irrelevancy. The fact of residence is often a difficult and close one and could not be litigated without notice and preparation.

Moreover, the denial in the answer of the allegation of residence in

the complaint was not good, viz., it was "on information and belief" of any knowledge or information sufficient to form a belief.

The evidence on the trial was also sufficient to uphold the finding of the jury that the plaintiff was a resident.

The judgment should be affirmed.

Judgment and order affirmed with costs.   All concur.

RICH, J.   I concur in the result, but cannot assent to the proposition that nonresidence must be pleaded.   The defendant is a foreign corporation, and upon this appeal contends that Mrs. Ubart was a nonresident of this state at the time this action was commenced, and that the trial court was therefore without jurisdiction.   Counsel urges that it was incumbent upon the plaintiff to show by a preponderance of the evidence that the domicile of John Ubart (the husband) was in the state of New York at the time the action was commenced.   The complaint alleges that the plaintiff was, at the time of the commencement of the action, a resident of the state of New York.   The answer consists of a single paragraph, as follows:

"And now comes the defendant above named, and * * * answers the complaint of the plaintiff above named, and thus answering:   (1) On information and belief, denies any knowledge or information sufficient to form . a belief as to the truth of any of the allegations of paragraphs 1 and 3 of the complaint herein."

It is true the answer is bad as a denial, and did not put in issue the residence of the plaintiff.   Section 501 of the Code of Civil Procedure. But the defendant is not deprived of the right to object to the jurisdiction of the court at any stage of the action, and, if it was made to appear that the plaintiff was a nonresident at the time of the commencement of the action, it became the duty of the trial court to refuse to proceed further and to dismiss the action, for it is not sufficient that a nonresident plaintiff should by service of process or in any other way obtain jurisdiction of a foreign corporation.   Before such an action can be maintained, there must be also jurisdiction of the subject-matter, which cannot be conferred upon the court by consent or stipulation of the parties, and which is not waived by a failure of the defendant to allege nonresidence of the plaintiff in its answer.   Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636.   The question of plaintiff's residence was dependent upon conflicting evidence, and presented a question of fact for the jury, and their verdict must be sustained, if there is sufficient evidence before them to justify their finding.   I think the record discloses sufficient evidence to justify the conclusion that Mrs. Ubart was, at the time of the commencement of her action, a resident of the state of New York.

I vote to affirm, with costs.