(119 App. Div. 478)

STERN v. MARCUSE et al.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

PLEADING—MOTIONS—SEPARATING AND NUMBERING DEFENSES.

    Code Civ Proc. § 500, provides that the answer of defendant must contain (1) a general or specific denial of each material allegation of the complaint controverted by defendant; (2) a clear statement of any new matter constituting a defense or counterclaim. Section 507 provides that the defendant may set forth as many defenses as he has, and that each defense must be separately stated and numbered. An answer in an action to foreclose a real estate mortgage denied on information and belief that the mortgagee assigned the mortgage to plaintiff, and alleged that the mortgaged property after the making of the mortgage was divided in such a way that the land of the answering defendant was subject to the mortgage only second to the part owned by the other defendant, and that the latter defendant paid the mortgagee the whole of the mortgage. *Held*, that a motion to separate the denial from the defense of new matter was improperly denied. .

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1194–1198.]

    Jenks, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Nettie Stern against Millard Marcuse and others. From an order denying a motion to separately state and number defenses, plaintiff appeals. Reversed, and motion granted.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Milton Mayer, for appellant.

David Ross, for respondents.

GAYNOR, J. This is an action to foreclose a mortgage on real property. The complaint alleges the assignment of the bond and mortgage to the plaintiff by the mortgagee, the Harlem Savings Bank. The answer consists of an unscientific, rambling statement, such as a layman might possibly draw, in the middle of which is this:

"Upon information and belief this defendant denies that the Harlem Savings Bank sold or assigned said bond and mortgage to the plaintiff, or that the plaintiff is the lawful owner or holder of the 'said bond and mortgage, or possessed thereof."

All that can be made out of the rest is a claim that the mortgaged property after the making of the mortgage was divided, title to part being conveyed to this answering defendant and the' other part to another person, also a defendant, in a way that made the land of this answering defendant subject to the mortgage only second to the part owned by the said other defendant; and that the latter defendant paid the said Harlem Savings Bank the whole of the said mortgage in discharge thereof. This new matter is alleged as a defence.

This motion is in so many words to separate the said denial from the said defence of new matter. The case of Goldberg v. Utley, 60 N. Y. 427, cited in the opinion of Mr. Justice JENKS, has nothing whatever to do with the question presented. It merely decides that the Court of Appeals at that time had not the right to entertain an appeal from an order made on a motion like this, for the reason that it did not involve a substantial right. Nor does the other case cited in the said opinion, O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 47, 76 N. E. 1082, in any way touch the question; the question was not in it at all. It only holds that the denial of a motion to have several causes of action separated and numbered, when it should have been granted, cannot prevent a demurrer from being interposed for their improper joinder in the same complaint. Is not their citation inadvertent, or in mistake of the question before us?

The plaintiff is asking no favor but a matter of right. By express provision of the Code of Civil Procedure defences of new matter "must be separately stated and numbered" (section 507), the same as causes of action "must be separate and numbered" (section 483). These are mandatory provisions—they are enjoined by the mandatory word "must"—and we have no right to disregard them. To do so would cause and encourage confusion and disorder. A defence may not be jumbled up with another or other defences, nor with a denial or denials. First come denials in an answer and then new matter constituting a defence, if there be any (section 500).

It is true that the plaintiff might have refrained from making this motion if she saw fit, and answered or demurred to the defence of new matter in its present mixed up condition; but that does not alter the case; she has the right to make the motion, and it is our positive duty to grant it. The fact that our action is not subject to review is no reason for disregarding the statute; on the contrary, it is reason why we should be careful to follow it. By a series of decisions, following Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47, it was held up to very recently that a demurrer would not lie to a defence of new matter which had a denial of a material part of the complaint mixed up with it, for the reason (as it was said) that the demurrer would not be good against the denial, and would therefore fail. It is true that these decisions are now abandoned, as I understand it, for the educated bar insisted that the defence could be demurred to without being separated at all; that the demurrer was not to the denial but to the defence of new matter; that it was optional with the plaintiff whether he should move to separate; and many now wonder how such decisions came to be made. From the erroneous extreme of these decisions we should not now go to the even more erroneous extreme of refusing to require defences to be separately stated at all.

The order should be reversed and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur, except JENKS, J., who dissents.

JENKS, J. I dissent. The appeal is from an order of the Special Term denying a motion that the defendant Kimmerle separately state

and number the alleged defenses. The right is but formal, not substantial. Goldberg v. Utley, 60 N. Y. 427. Kimmerle, who is made a party to this foreclosure action as asserting some interest in the premises, made separate answer. His plea is that he owns a part of premises free from this mortgage, and his prayer is for affirmative relief, or, if that be denied, that his part be excluded from the reach of the judgment or at least the premises exclusive of his part be first sold, and, if that sale does not satisfy the decree, he may take over the judgment so far as it is unsatisfied upon payment of the amount then due and the expenses of the sale.

I think that the pleader intended to set forth but a single counterclaim, and that the pleading should thus be construed. The alleged "denials" are to be read as subordinate to this plea, confined to it and consistent with it, which is in effect that such proceedings were had that his part of the premises was freed from this mortgage, and that the defendant Marcuse, instead of taking a satisfaction thereof pro tanto and in violation of his legal obligation, caused the mortgage to be assigned to this plaintiff in his own interest, and this suit to be begun in that interest. In fine, the concern of the defendant is with this part of the premises only, and his position is that as to it there is no valid mortgage.

The grievance stated by the appellant is that she cannot demur, save to the entire answer. The denial of this motion does not hinder demurrer. O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 47, 76 N. E. 1082.