PEOPLE ex rel. LONG v. BOARD OF SUP'RS OF ROCKLAND COUNTY.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

COUNTIES—FEES OF OFFICERS—ALLOWANCE—WAIVER OF RIGHT OF REVIEW.

Where, after the decision of the board of supervisors of a county on appeal to them by a constable from the action taken by a town board on bills presented by him to it for fees, payment of the amount allowed by the board of supervisors was accepted by him, his right to a further review was thereby waived.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Counties, § 327; vol. 2, Appeal and Error, § 989.]

Certiorari by the people, on the relation of Henry Long, against the board of supervisors of the county of Rockland, to review their action upon the audit of the relator's bills as a constable of the town of Clarkstown, of that county, under section 163 of the town law (Laws 1890, p. 1234, c. 569). Writ dismissed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Charles M. Stafford, for relator.
William McCauley, for defendant.

MILLER, J. The relator presented two accounts to the town board of the town of Clarkstown, county of Rockland, for fees claimed to have been earned by him as a constable of said town in certain criminal proceedings in which the charge was either for public intoxication or disorderly conduct. The accounts were audited by said board; certain items being allowed and others disallowed. Thereafter the relator appealed to the board of supervisors of the county, pursuant to section 163 of the town law (Laws 1890, p. 1234, c. 569). That body, after taking testimony, made the same disposition as the town board had made, and the relator now seeks to review said determination of the board of supervisors.

After the determination by the latter, the relator accepted payment of the amount allowed, and the respondent now urges that he has thereby waived his right to a further review. The proposition is well settled that by accepting the benefit of a judgment a party waives his right to appeal from it (Bennett v. Van Syckel, 18 N. Y. 481; Knapp v. Brown, 45 N. Y. 207), and that rule has been applied to the right to review the determination of an auditing board (People ex rel. McDonough v. Board of Supervisors, 33 Hun, 305; People ex rel. Haerle v. Supervisors, 31 App. Div. 557, 52 N. Y. Supp. 89). This is not a case where the duty of allowing a fixed sum was mandatory and could be compelled by mandamus, as was the case of People ex rel. Morrison v. Supervisors, 56 Hun, 459, 10 N. Y. Supp. 88, affirmed 127 N. Y. 654, 27 N. E. 857. To be sure, the fees of an officer are statutory; but it was asserted and the bills themselves, by way of suggestion at least, furnish some internal evidence to justify the assertion, that the services were not performed in good faith to enforce the criminal law, but for the purpose of enabling the officer and the magistrate to present what were in fact fictitious and collusive claims against the town. We do

not now pass on the merits of the case, and only call attention to it for the purpose of showing that the auditing board had a judicial duty to perform, to wit, the determination of the question of fact raised by the contention that a portion, at least, of the bills was fictitious and fraudulent. Irrespective of whether they acted upon sufficient evidence in the determination of that question, the relator could not accept the benefit of their determination and then appeal from it. It matters not that a protest was made. He was not obliged to receive the money. Whether he took it as a payment in full, or as a part payment, does not matter. By taking it he accepted the benefit of the decision from which he was appealing. It matters not that the payment was not accepted until after the determination of the board of supervisors. An acceptance of payment before would have waived the right to have his appeal heard by that body. The acceptance since the determination of that body was a waiver of his right to have such determination reviewed by us; and, that fact appearing by the return, we will not consider the case on its merits.

The writ must be dismissed.

Writ dismissed, with $50 costs and disbursements. All concur.