STEMMERMAN v. KELLY.

(Supreme Court, Appellate Division, First Department.   December 6, 1907.)

1. PLEADING—DIFFERENT DEFENSES—REFERENCE FROM ONE PARAGRAPH TO ANOTHER.

An allegation in separate defenses that defendant "realleges all that he has hereinbefore alleged" incorporates affirmative defenses theretofore alleged in the answer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 193.]

2. SALES—PERFORMANCE.

In an action for breach of contract by defendant to purchase asphalt from plaintiff's assignor, it is a good defense that plaintiff's assignor failed to tender delivery of the asphalt, and that plaintiff's assignor had no asphalt meeting the requirements of the contract which it could tender or deliver.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 360.]

**3. PLEADING—MOTION TO STRIKE.**

The objection that a defense is improperly incorporated in the several separate defenses of an answer should be raised by motion to strike.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1102.]

Appeal from Special Term, New York County.

Action by William C. Stemmerman against William Kelly. From interlocutory judgment overruling his demurrer to certain defenses of defendant's answer, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAMBERT, LAUGHLIN, and HOUGHTON, JJ.

Henry B. Johnson, for appellant.
George W. Titcomb, for respondent.

HOUGHTON, J. The plaintiff's complaint contains two counts for an alleged breach of contract by defendant to purchase asphalt from his assignor, the Densmore-Stabler Refining Company. The defendant's answer contains specific and general denials sufficient to put the plaintiff to proof of breach of the contract. The second separate defense alleges that, to the knowledge of plaintiff's assignor, the contract which defendant entered into with it was made by defendant as the agent of the asphalt construction company, and that it was intended to be and was treated as a contract of the latter company. The third separate defense purports to set forth that, plaintiff's assignor knowing that defendant was agent and was to receive a benefit from such contract, to the detriment of the asphalt construction company, the same was against public policy and void. The sixth separate defense sets forth that the asphalt to be furnished was to be such as was acceptable to the authorities of the borough of Manhattan for the making of asphalt pavement, and that plaintiff's assignor well knew that the same was to be used for that purpose, and that that furnished was unsuitable therefor after May, 1904. At the beginning of each separate defense, the defendant avers that he "realleges all that he has hereinbefore alleged." The plaintiff has demurred to these second, third, and sixth separate defenses, on the ground that each is insufficient in law upon its face to constitute a defense, and such demurrer has been overruled.

Assuming, as we do, that defendant's general denials of the complaint are not incorporated in his several separate defenses by the use of the expression that he "realleges all that he has hereinbefore alleged," because "allegations" do not strictly embrace "denials," still the language does incorporate affirmative defenses theretofore alleged in the answer. Searching the answer, we find that the defendant affirmatively pleads that plaintiff's assignor failed to tender delivery of the asphalt for failure to accept which damages are claimed, and that plaintiff's assignor had no asphalt meeting the requirements of the contract, which it could tender or deliver. This is affirmative allegation in defense of plaintiff's whole cause of action, which defendant by his language has incorporated into his separate defenses. Plaintiff cannot therefore properly demur to such defenses on the ground that they are insufficient in law. They contain a de-

fense to plaintiff's cause of action. If that defense was improperly incorporated in the several separate defenses, plaintiff should have made a motion to strike it out before demurring. Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244.

It follows, therefore, that the demurrers were properly overruled, and the interlocutory judgment should be affirmed, with costs, with leave to the plaintiff to withdraw his demurrer and plead over upon payment of costs. All concur.