### SILVER & CO. v. WATERMAN et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. COURTS—NEW YORK SUPREME COURT—JURISDICTION OF JUSTICES.
    One justice of the Supreme Court sitting at Special Term has no jurisdiction to review an act of another justice at Special Term; the Code of Civil Procedure provision for appeals to the Appellate Division and to the Court of Appeals being exclusive.

2. APPEAL AND ERROR—RIGHT TO REVIEW—WAIVER.
    A justice of the Supreme Court at Special Term having allowed defendants to insert matter in their answer over plaintiff's opposition, plaintiff could have appealed to the Appellate Division, but, having accepted the costs imposed as a condition for the allowance of the amendment, it waived its right to have the order reviewed, and could not have it indirectly reviewed by moving to strike out the matter inserted at Special Term held by another justice.
    Gaynor, J., dissenting.

Appeal from Special Term.

Action by Silver & Co. against Henry Waterman and others. From an order refusing to strike denials from an answer, plaintiff appeals. Affirmed.

See 122 App. Div. 373, 106 N. Y. Supp. 899.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edward L. Blackman, for appellant.

George B. Beattys, for respondents.

WOODWARD, J. The plaintiff sets up a cause of action against the defendants for the purpose of restraining the latter from the manufacture and sale of certain lamps, claimed to be made upon a model and under labels belonging to the plaintiff. The defendants, answering the complaint, denied generally the allegations of the complaint, and then set up five affirmative defenses. Subsequently the defendants moved the court at Special Term for permission to insert in each of the separate defenses the words:

"Repeat the denials to plaintiff's complaint herein contained in paragraphs marked 'I' and 'II' of this amended supplemental answer, and hereby make the same a part of this defense."

Plaintiff opposed this motion, was heard orally and by brief, and the motion was granted. In the following month the plaintiff moved this court at Special Term, held by another justice, to strike out these identical words, and, from the order denying such motion, this appeal is taken.

We know of no rule of practice which permits one justice of the Supreme Court, sitting at Special Term, to review the act of another justice at Special Term, and if for no other reason the order appealed from, and which in effect refused to sanction this practice, should be affirmed. When the plaintiff had contested the right of the defendants to this amendment, and was defeated, there was a right of appeal to this court. Instead of taking such an appeal, the plaintiff accepted the costs imposed as the condition of granting the original order, thus waiving a right to review such order (Logeling v. New York Elevated R. R. Co., 5 App. Div. 198, 200, 38 N. Y. Supp. 1112), and seeks to accomplish, through indirection, what would not be permitted directly. As said by the court in Platt v. N. Y. & Sea Beach Ry. Co., 170 N. Y. 451, 458, 63 N. E. 532, 534:

"The practice of moving before one judge at Special Term to declare void the order or judgment of another judge at Special Term is not sanctioned by any provision of the Code that I am aware of or by any controlling authority. It virtually amounts to an appeal from one Special Term to another Special Term for a review of the first order."

The Code of Civil Procedure provides for appeals to the Appellate Division and to the Court of Appeals, and these provisions are exclusive of all other appeals. The plaintiff clearly waived any right to appeal from the original order, and it would not be in line with the orderly administration of courts to permit indirectly a review of an order where the party, by accepting a benefit under the order, has waived all right to review.

The pleading as it stands, while it may be in the way of a demurrer, does not prevent a fair and impartial trial of the cause of action set forth, and there is no good reason why well-settled principles of practice should be overlooked to help the plaintiff to an opportunity to demur.

The order appealed from should be affirmed, with costs. All concur, except GAYNOR, J., who reads for reversal.

GAYNOR, J. (dissenting). The answer, after several denials pleaded four defences of new matter, to each of which the plaintiff demurred on the ground of its insufficiency in law on the face thereof. Code Civ. Proc. § 494. The defendants' attorney, as incredible as it may seem, concluded that the trouble was that he had not repeated the denials in the defences. He therefore moved for leave to amend the answer by repeating the denials in each defence, in order to forestall the demurrer. The motion was granted, and now each defence begins with the following redundant verbiage:

"Further answering said complaint, and as a separate and distinct defense, defendants repeat the denials to plaintiff's complaint herein contained in paragraphs marked I and II of this amended supplemental answer, and hereby make the same a part of this defense."

And then follows the new matter constituting the defence. The demurrer was of course superseded by the service of the amended answer. The plaintiff's attorney then concluded that these amendments prevented him from demurring to the defences again, for the reason that denials cannot be demurred to, and that as the demurrer would fail in respect of a part of each defence, i. e., the denials therein, it would fail in toto, as is the rule in respect of a demurrer which is bad in respect of any part of the plea or pleading demurred to. He therefore moved to strike the denials out of the defences, or to separate the denials and defences, as a preliminary to demurring again. The motion was denied, and this appeal is from that order.

The Code (section 500) provides, in numerical order, that an answer must consist (1) of denials (if there be any), and (2) of defences of new matter (if there be any). It also provides that each defence must be stated separately and numbered. Section 507. It is not permissible to jumble defences, or defences and denials, up together, any more than causes of action may be so mixed up, and on motion it is mandatory on the court to require them to be separated. Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026. The answer was correctly drawn in the first place, and why it was amended in plain violation of the Code requirement cited above would be inscrutable except, it may be, for past inadvertent utterances on the subject which are not authoritative and have to be discriminated against in actual practice. A defence can only be of "new matter," as the said section 500 prescribes, i. e., of matter outside of, and which therefore cannot be proved under, the issue which is raised, or could be raised, by a denial or denials. If there be no such new matter to plead as a defence, the answer should end with the denial or denials. No fact which can be proved under a denial should be pleaded as a defence. It is not new matter. The test of the sufficiency of a defence is whether, taking all

of the allegations of the complaint to be true, it nevertheless would defeat the action if proved. Denials of allegations of the complaint cannot therefore in the nature of things be part of a defence. Flack v. O'Brien, 19 Misc. Rep. 399, 43 N. Y. Supp. 854; Green v. Brown, 22 Misc. Rep. 279, 49 N. Y. Supp. 163; Von Hagen v. Waterbury Mfg. Co., 22 Misc. Rep. 580, 49 N. Y. Supp. 465; Laurie v. Duer, 30 Misc. Rep. 154, 61 N. Y. Supp. 930; Cruikshank v. Press Publishing Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678; Staten Island Midland R. Co. v. Hinchcliffe, 34 Misc. Rep. 49, 68 N. Y. Supp. 556; Schmidt v. McCaffrey, 34 Misc. Rep. 693, 70 N. Y. Supp. 1011; Pascekwitz v. Richards, 37 Misc. Rep. 250, 75 N. Y. Supp. 291; Jaeger v. City of New York, 39 Misc. Rep. 543, 80 N. Y. Supp. 356; Sanford v. Rhoads, 39 Misc. Rep. 548, 80 N. Y. Supp. 404; Carpenter v. Mergert, 39 Misc. Rep. 634, 80 N. Y. Supp. 615; Leonorovitz v. Ott, 40 Misc. Rep. 551, 82 N. Y. Supp. 880; Schultz v. Greenwood Cemetery, 46 Misc. Rep. 299, 93 N. Y. Supp. 180; Frank v. Miller, 116 App. Div. 855, 102 N. Y. Supp. 277; State of South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362.

Some call a "denial" a "defence," although the precise terminology of the Code distinguishes them by these very words; but a defence, strictly, i. e., of new matter, or, as some call it, an affirmative defence, is here being spoken of, if such an explanation be deemed necessary. As Judge Chase said in Eells v. Dumary, 84 App. Div. 105, 82 N. Y. Supp. 531:

"If a denial is called a defense it does not for that reason become a defense under the 2d subdivision of section 500 of the Code of Civil Procedure, and the use of the word 'defense' in connection with a denial is, in my judgment, unfortunate and confusing."

A defence always was by way of "confession and avoidance," i. e., the complaint even being confessed would be avoided or defeated by the new facts alleged in the defence, if true—such as the defence of payment, of accord and satisfaction, of another action pending, of fraud in the making of the contract sued on, of the truth of the charge in an action of libel or slander, and so on.

If denials could be material parts of a defence, then a defence could never be demurred to. A series of decisions in one judicial department held that a defence which had a denial mixed up in it could not be demurred to, on the theory that the denial could be and was a material part of the defence. Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47; State of South Dakota v. McChesney, supra; Circus v. Independent Order, 55 App. Div. 534, 67 N. Y. Supp. 342. It was because of such decisions that the plaintiff made the motion in the present case to separate the defences from the denials, and he ought to be helped out of his dilemma. These decisions had already grown to be considered obsolete even before the court of last resort recently restated a rule which is wholly inconsistent with them, and which existed before they were uttered, viz., that where causes of action are intermingled, instead of being stated separately as required by the Code (section 483), any of them may be demurred to without first being stated separately as the Code requires (Goldberg v.

Utley, 60 N. Y. 427; O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 46, 76 N. E. 1082; Stern v. Marcuse, supra); and as the same principle applies to defences which are mingled, the same rule must apply. It is optional with a party to move to have causes of action or defences stated separately before pleading to them. And a demurrer to a defence is only to the material allegations thereof, i. e., to the affirmative allegations of fact thereof. The general rule is that a demurrer or other pleading to any pleading or plea is only to the material allegations thereof, and not to things contained therein which are immaterial and irrelevant thereto, and that it does not admit them, and does not and cannot raise any issue on them. Ubart v. Baltimore & Ohio R. Co., 117 App. Div. 831, 102 N. Y. Supp. 1000, and cases there cited.

Although it is indisputable that a defence has to be separately stated, and is forbidden to be mixed up with other matter, and that these denials are out of place in these defences, and should not be there, it is said that the motion to strike them out was nevertheless properly denied for the reason that it was really or in substance or effect an appeal from the order which allowed the amended answer containing them to be served; and an appeal from one Special Term to another is not permitted. Although this at first sounds specious it will be found to be without foundation. If, for instance, a motion to separate two causes of action be denied at Special Term on the ground that there are not two causes, but only one, the defendant may nevertheless demur to the complaint for improperly joining the two causes of action, and although he thereby raises the very same question which was raised by the motion and decided against him, the demurrer has to be heard at Special Term, and it is not an appeal from the one Special Term to the other. O'Connor v. Virginia Passenger & Power Co., supra. If, again, the Special Term should grant a motion to allow a new party defendant to be brought in, on the ground that the cause of action was against him also, whereas it should have denied the motion if the complaint as to him would be demurrable for not stating a cause of action, as has recently been decided (Cittleman v. Feltman, 191 N. Y. 205, 83 N. E. 969), the taking of such a demurrer would not be an appeal from one Special Term to another, although only the very same question would be involved. In the same way, if the Special Term should allow an amended complaint to be served against an objection that it stated no cause of action, that would not stand in the way of another Special Term hearing and deciding a demurrer thereto on the merits. And again, if the Special Term should allow a frivolous answer to be served, that would not prevent another Special Term hearing a motion for judgment upon it as frivolous, or a demurrer to it for insufficiency. The two motions in the present case were entirely different, and come under different heads and provisions of practice. It certainly has not heretofore been supposed that if the court permits an amended answer to be served it is not subject to every objection or remedy to which it would be subject if it had not been served by leave of the court. That the motion for leave to serve it is opposed does not even

make the order granting it res adjudicata of the question on which the motion was opposed. After a pleading comes into the case, no matter how, the opposite party is then free to pursue any of the remedies or courses prescribed in respect of it at that stage.

The order should be reversed and the motion granted.   .