# THE

# New York Supplement

## VOLUME 118

---

(64 Misc. Rep. 140.)

### FENKART v. BODENMANN et al.

(Supreme Court, Special Term, New York County. July 10, 1909.)

1. CORPORATIONS (§ 665*)—FOREIGN CORPORATIONS—ACTIONS—JURISDICTION.

   Under Code Civ. Proc. § 1780, subd. 3, providing that an action against a foreign corporation on a cause of action arising in this state may be brought by a nonresident, where the cause of action against an individual and a partnership which he afterwards forms arises within this state, and subsequently the partnership formed a corporation under the laws of another state, which took over all the assets of a partnership, the courts of this state have not jurisdiction over proceedings instituted by the nonresident holder of such cause of action to appoint a receiver for the corporation within this state and to restrain another corporation from disposing of such assets, as the cause of action against the corporation set up in the complaint does not arise in this state.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2595–2600; Dec. Dig. § 665.*]

2. CORPORATIONS (§ 665*)—FOREIGN CORPORATIONS—ACTIONS—PLEADING.

   On motion for a receiver for a foreign corporation within this state, defendant may avail itself of the nonresidence of plaintiff as a defense to the motion, although that defense is not separately alleged in the answer, where the opposing affidavits state that plaintiff is a nonresident, and the replying affidavits do not deny that statement.

   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 665.*]

Action by Charles Fenkart against Ernest A. Bodenmann and others. On motion to continue an injunction and for the appointment of a receiver. Motion denied.

Charles D. Miller, for the motion.

Rosenthal, Steckler & Levy, opposed.

GIEGERICH, J. The purpose of this motion is to secure the appointment of a receiver of such property of the defendant the Bodenmann Manufacturing Company as may be within the state of New York, and such as may hereafter come within this state, for the purpose of preserving the same during the pendency of the action, and to obtain an injunction restraining the defendant the Patchogue Manu-

---

facturing Company from disposing of the assets of the former company until the further order of the court. The defendant the Bodenmann Manufacturing Company is a foreign corporation. It is stated in the opposing affidavit, and not denied in the replying affidavits, that the plaintiff is a nonresident. Such being the case, the jurisdiction of the court over this action, if it exists at all, must rest upon the fact that the cause of action arose within this state. Code Civ. Proc. § 1780, subd. 3. The affidavits are voluminous, and many other points are argued in the briefs; but in the view I take of the case it will be necessary to determine only the question whether the cause of action arose within this state or not.

The facts upon which the plaintiff relies as constituting his alleged cause of action against the defendant corporation the Bodenmann Manufacturing Company are as follows: The defendant Ernest A. Bodenmann for many years carried on the business of manufacturing embroideries in the state of New Jersey. In the course of time he became indebted to the plaintiff and the firm of which the plaintiff is the surviving partner to the extent of many thousands of dollars. During this time the defendant Bihler, a former employé of the plaintiff, had become a copartner with Bodenmann. In July, 1906, these partners, Bodenmann & Bihler, formed a corporation under the laws of the state of New Jersey, called the "Bodenmann Manufacturing Company," which took over all the assets of the copartnership and issued in payment therefor its capital stock to the amount of the appraised value of the copartnership assets and business, but gave no other consideration whatsoever. The corporation assumed the payment of certain debts of the copartnership, but not the particular claim in suit. The plaintiff brings this action to obtain the appointment of a temporary receiver within the state of New York to take possession and control of the property and assets of the Bodenmann Manufacturing Company within this state and to recover against that company a judgment for the amount due.

The plaintiff's attorney argues that the defendant corporation is liable in equity for the debts of the copartnership upon the facts stated, and seeks to evade the objection that the cause of action, if any there be, arose within the state of New Jersey, and not within the state of New York, by arguing that the cause of action is the original indebtedness, which admittedly arose in this state against the defendant Bodenmann and his firm, and that the plaintiff is merely pursuing his remedy upon that cause of action against the defendant the Bodenmann Manufacturing Company. I am of the opinion, however, that the cause of action upon which the plaintiff is seeking to recover against the corporation arose, if it exists at all, in the state of New Jersey by virtue of things that were done there, namely, the formation of the corporation in that state and the taking over there of the assets of the copartnership. It was the taking over of such assets which constitutes the distinctive fact upon which the plaintiff relies in his effort to seek a remedy against the corporation, and he himself impliedly concedes that it is a different cause of action from the original common-law claim upon the debt, by arguing that upon

the facts shown he is entitled in equity to follow the assets into the hands of the corporation and to recover from the corporation the amount of his demand, at least to the extent of the value of the assets so taken over. But whether one cause of action is in equity and the other in law, or whether both are in law, really makes no difference, because in either event I think it must be held that they are different, and that the cause of action set up in the complaint arises, if at all, from acts done in the state of New Jersey, and therefore it could not be said that the cause of action arose in this state within the meaning of subdivision 3 of section 1780 of the Code of Civil Procedure. Hibernia National Bank v. Lacombe, 84 N. Y. 367, 384. ᵕ · ·

The plaintiff further argues that, as there has been no separate defense alleging the nonresidence of the plaintiff set up in the answer, the fact cannot be taken advantage of upon this motion, and relies for this proposition upon Ubart v. B. & O. R. R., 117 App. Div. 831, 102 N. Y. Supp. 1000. I do not regard that case as controlling upon such an application as the present. It was there held that in an action brought against a foreign corporation in the courts of this state the residence of the plaintiff was material to the jurisdiction of the court, not to the cause of action, and that the plaintiff's nonresidence was a defense, and had to be pleaded as such in the answer in order to be put in issue, and that as it had not been so pleaded it could not be taken advantage of by the defendant upon the trial; · the court remarking that the fact of residence is often a difficult and close one, and could not be litigated without notice and preparation. The situation here is quite different. The case is not on trial, and the plaintiff is not being surprised with an issue of which he has had no notice and for which he has had no opportunity for preparation. His nonresidence is stated distinctly in the opposing affidavits, and is not denied in the replying affidavits. It must therefore be taken as established for the purposes of this motion that he is a nonresident.

The motion is denied, with $10 costs.