## In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 15, 1915.)

EMINENT DOMAIN (§ 254*)—DAMAGES—AWARD—APPEAL—WAIVER.

Where, in proceedings to assess damages for land condemned for municipal purposes, claimant accepted payment of the award, though protesting that he did not thereby waive his right to appeal, with knowledge, however, that the city claimed that such acceptance constituted a waiver of right to appeal, acceptance of the payment barred such right.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 665; Dec. Dig. § 254.*]

In the matter of the application of the City of New York to acquire title to certain lands, etc., as a site for a new courthouse. On motion to dismiss claimant's appeal. Granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Charles J. Nehrbas, of New York City, for the motion.
Alexander Rosenthal, of New York City, opposed.

PER CURIAM. This was a proceeding to acquire title to real property. By the report of the commissioners, the appellant was awarded $135,000 for damage parcel No. 33. On August 5, 1913, an order of

the Special Term was entered confirming the report of the commissioners of estimate and appraisal. On August 13, 1913, the owner filed a notice of appeal from the order of the court confirming the report. On September 25, 1913, the appellant delivered a letter to the comptroller, demanding payment of this award, as follows:

"Please take notice that I, the undersigned, hereby demand the immediate payment of the award made to me for damage parcel No. 33 in the New Courthouse Proceeding. Furthermore, take notice that by demanding or taking the amount so awarded I do not waive or abandon the appeal which I have taken in the said proceeding, or my right to prosecute the same or any further appeal."

On September 28, 1913, this demand was acceded to by the city, and appellant paid the amount of said award, giving at the same time a receipt which stated:

"The city claiming that such sum is in full payment of above account and that by the acceptance thereof the payee loses all right to appeal in the matter, but the payee claiming his right to appeal and all rights incident thereto are reserved as per notice under date of September 25, 1913. * * * "

The appellant also executed a release to the city, which stated in substance the same claim of the city and the claim of the appellant as was stated in his receipt. Based upon this payment of the award to the appellant, the city now moves to dismiss the appeal, relying on Alexander v. Alexander, 104 N. Y. 643, 10 N. E. 37, Matter of Tunnel Street, 212 N. Y. 547, 106 N. E. 1043, and People ex rel. Long v. Board of Supervisors, 120 App. Div. 553, 105 N. Y. Supp. 20, where Miller, J., delivering the opinion of the court, says:

"It matters not that a protest was made; he was not obliged to receive the money. Whether he took it as a payment in full, or as a part payment, does not matter; by taking it he accepted the benefit of the decision from which he was appealing."

We think that, by accepting this award from the city, the city expressly claiming that the acceptance of the award would waive the appellant's right to appeal, such right was waived, and the appeal must be dismissed. It was the claim of the city upon which the payment was made that controls. The mere fact that the appellant claimed that such payment would not waive his right to appeal is not material, if in fact the receipt of the award was such waiver. The appellant was not bound to accept the award. He accepted that award as the amount to be paid to him as the value of the property the title to which had been acquired by the city. He cannot afterwards be heard to complain that the order confirming the report was erroneous and the property should be reappraised. He demanded the award and received it, and the acceptance was a waiver of the right to review the order of the Special Term.

It follows, therefore, the motion must be granted, and the appeal dismissed, with $10 costs.