### GREEN v. JEREISSATI.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

1. APPEAL AND ERROR (§ 163*)—RIGHT OF APPEAL—WAIVER—ACCEPTANCE OF BENEFITS.

Plaintiff waived his right of appeal from an order opening default judgment by accepting and retaining the costs fixed by the court as terms for the granting of the motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 991; Dec. Dig. § 163.*]

2. APPEAL AND ERROR (§ 1151*) — DISPOSITION OF CASE — MODIFICATION OF JUDGMENT.

Where plaintiff recovered judgment for $288, which, with costs, aggregated $312, whereas defendant was entitled to judgment by having proved payment to plaintiff by certified check of $300, but defendant did not appeal, the amount would be credited on the judgment on appeal by plaintiff, and affirmed for the balance of $12, with costs to the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. § 1151.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louis Green against Rasheed M. Jereissati. From an order opening a judgment by default, and from a judgment subse-

quently entered by direction of the court, plaintiff appeals. Order affirmed, and judgment modified and affirmed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Ignace I. Apfel, of New York City, for appellant.

Murphy & Fultz, of New York City (Frederick W. Murphy, of New York City, of counsel), for respondent.

GUY, J. Plaintiff appeals from an order opening on terms a judgment by default in favor of plaintiff, and from a judgment subsequently entered by direction of the court after a trial without a jury; the appeal from the judgment being on the ground that it is insufficient in amount.

[1] It is unnecessary to consider at length the appeal from the order opening the default, for the reason that plaintiff must be deemed to have waived his right of appeal by accepting and retaining the costs fixed by the court as terms for the granting of the motion. Having accepted benefits flowing from the order, plaintiff cannot now question it. Radway v. Graham, 4 Abb. Prac. 468; Silver & Co. v. Waterman, 127 App. Div. 339, 111 N. Y. Supp. 546. See, also, opinion of Appellate Division in Re City of New York (Sup.) 151 N. Y. Supp. 407, filed January 15, 1915. After the opening of the default, the defendant filed an answer, setting up a general denial, payment, and accord and satisfaction.

[2] In determining the amount that became due under the contract, so far as performed by plaintiff, the trial judge disallowed plaintiff's claim for 15 per cent. commission on the cost of certain alteration work done upon defendant's place of business in Atlantic City, on the ground that plaintiff had failed to perform his contract to supervise and direct said work of alteration. This finding of fact is abundantly supported by the evidence. The disallowance of this item of plaintiff's claim reduced the amount earned by plaintiff under his contract to $288, or less than the amount paid as an alleged accord and satisfaction. Judgment was rendered for this amount, with costs, amounting in the aggregate to $312.41. Defendant, however, proved payment of $300 by certified check delivered to and still retained by plaintiff. This constituted full payment of the amount due plaintiff, and on this evidence defendant would have been entitled to judgment. Defendant has not appealed from this judgment in favor of plaintiff; but, as plaintiff still retains the certified check for $300, the amount thereof must be credited as a payment.

Judgment modified, by reducing the amount thereof to $12.41, and, as so modified, affirmed, with costs of appeal to respondent. Judgment to be offset against the costs.

Orders affirmed, without costs. All concur.