### BLACK v. GIBBS et al.

(Supreme Court, Special Term, New York County.   October 5, 1915.)

PLEADING ⬅➡194(5)—DEMURRER—ANSWER—DENIAL IN AFFIRMATIVE DEFENSE.

An affirmative defense which contains denials of material allegations of the complaint is not demurrable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 452; Dec. Dig. ⬅➡194(5).]

Action by one Black against one Gibbs and others.   Demurrer to defense overruled.

D. J. Ely, of New York City, for plaintiff.
J. N. Folwell, of New York City, for defendants.

GREENBAUM, J.   Plaintiff demurs to the first affirmative and complete defense interposed by the defendant Gibbs upon the ground that it is insufficient in law.   There can be no doubt that the defense

attempted to be pleaded is bad. The only question is whether its sufficiency can be tested by demurrer in view of the presence therein of a number of denials of material allegations of the complaint. This vexed question has been decided differently by the Appellate Division in different departments: In Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026, and Stroock Plush Company v. Talcott, 129 App. Div. 14, 18, 113 N. Y. Supp. 214, it was held in the Second Department that denials in an affirmative defense constitute no reason for refusing to sustain a demurrer thereto. But it has been held otherwise in this department. Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244; Mendelson v. Margulies, 157 App. Div. 666, 142 N. Y. Supp. 825; Stemmerman v. Kelly, 122 App. Div. 669, 107 N. Y. Supp. 379. Under the last-mentioned cases the proper practice is held to be to move to strike out the denials as irrelevant and redundant. It is regrettable that in the discussion of this question neither of the appellate courts has undertaken to consider the opinions of the other. Under the circumstances here appearing the court is constrained to follow the ruling of this department and to overrule the demurrer, but without costs.