# SUPREME COURT.

## The First National Bank of Rondout agt. Thomas Hamilton and others.

*Motion to vacate a judgment for irregularity in holding the special term.*

At a regular circuit and special term, after the trials of jury causes are closed, the judge may properly adjourn the special term to the judge's chambers in the same county, for the trial and hearing of equity causes.

Where, at the trial of such equity cause, the objection is taken by the defendants that the special term is irregularly held — the judge not having the power to adjourn it from the court-house to his chambers — which objection is overruled and judgment rendered for the plaintiff on the merits, the defendant cannot, without any leave being given, move, at a subsequent special term, to vacate the judgment on the same ground, presenting the precise questions which were adjudicated on the rendition of the judgment.

It is well settled that a motion once heard and determined cannot be renewed without leave, and the reason of that rule applies in full force to this motion.

The error of one special term cannot be corrected by a motion made at another, but can only be remedied by an appeal.

*Ulster Special Term, November, 1875.*

Motion to vacate a judgment rendered at a special term of this court held at the supreme court chambers in the city of Kingston, on the 14th day of September, 1875, to which place and time it had been adjourned from the Ulster (April, 1875) circuit, pursuant to section 24 of the Code of Procedure. During the progress of the action, and after issue joined thereon, the defendant (Hamilton) had instituted proceedings in bankruptcy, and they had progressed so far that Mr. Carroll Whitaker had been appointed the assignee thereon.

*Charles A. Fowler*, for assignee and motion.

*Seymour L. Stebbins*, for plaintiff and opposed.

WESTBROOK, *J.* — This action was brought to foreclose a mortgage executed by the defendant Hamilton to the plaintiff. The defense was: First, usury; second, that the mortgage sought to be foreclosed was for a present loan, and for that reason it could not be enforced.

The issues in the action were noticed, as is shown by the original notice produced upon the motion, "at the next term of this court to be held at the court-house in the city of Kingston, in the county of Ulster, on the 12th day of April, 1875," which term thus designated was the regular Ulster special term and circuit appointed to be held on that day and place. During the circuit and special term, and prior to the adjournment of the latter to the judge's chambers, this cause had been marked upon the calendar of the court as an equity cause, and during the term it was announced that when the jury business was completed the special term would be adjourned to the judge's chambers in the same city, at which adjourned term this and other equity causes would be heard. No objection to this course was heard or suggested, and, accordingly, on the first day of June the special term, by an entry on the minutes, was adjourned to the chambers of the judge to the third day of June, and was continued, by subsequent adjournments similarly made, to the day of final trial.

On the 11th day of September, 1875, when, according to the order of the court, this cause was to be taken up, A. Schoonmaker, Jr., appeared for the assignee in bankruptcy, and objected to any further proceeding in the cause upon the ground, among others, that the adjournment of the term to the chambers of the judge was irregular, and that the cause could not be tried thereat. This and all other objections were overruled, and the trial was directed to proceed. Application

was then made to make Mr. Carroll Whitaker a party to the action, and for an adjournment of the cause, as Mr. Whitaker, on that day, was professionally occupied. The application was granted, and the cause was postponed to the 14th day of September, 1875, at the same time and place. On the adjourned day Mr. Whitaker did not appear, but sent a note to the judge holding the term, that he was advised that the objections taken by Mr. Schoonmaker on the eleventh of September were valid, and that he should not appear. Neither did the defendant (Hamilton) appear, although duly subpœnaed as a witness for the plaintiff, as was shown to the court on that day.

The cause was then heard upon its merits, and it was proved that the mortgage was given to secure a preceding indebtedness of Hamilton to the plaintiff, and that so far from the mortgage being usurious it was given for a sum several hundred dollars less than the amount then actually owing to the mortgagee by the mortgagor. The amount due upon the mortgage was proved, and the ordinary judgment of foreclosure and sale was rendered.

This motion at the special term presents the identical questions which have been previously passed upon and adjudicated on the eleventh day of September last; and the counsel for the plaintiff objects, preliminarily, that the error of a special term cannot be corrected by a motion made at another, but can only be remedied by an appeal.

I confess I do not see how the objection can be overcome. The points now made have been determined, and until reversed by a superior tribunal such determination is conclusive upon the parties. It is well settled that a motion, once heard and determined, cannot be renewed without leave, and the reason of that rule applies in full force. The exact form of the motion may be different, but the questions are identical. The estoppel depends not on the form of the presentation but on the presentation, without leave, of the same questions once decided. There must be an end of discussion

and litigation, in the same tribunal, at some point, and practice and common sense insist that a decision of the question shall end proceedings before and in the tribunal which decides. A contrary conclusion leaves parties the helpless subjects of endless litigation, and violates the spirit if not the letter of rule 31, which prohibits a party from applying to another judge for an order which some other judge, on the same facts, has refused. As special terms held by various judges are numerous, the practice of applying to a new special term for relief which a prior term of equal authority has refused would become intolerable — if encouraged, as intolerable as that guarded against by the rule to which we have referred. It is true that this motion is at a term held by the same judge who denied the former, but if he decided that the motion is regular, then any special term in the district, or in a county out of the district adjoining Ulster, can grant the relief, and the result will be motion after motion to correct alleged errors of a special term by the action of another. This should not be encouraged, and the preliminary objection is sustained.

The power, however, of a judge holding a special term to adjourn it to his chambers is so valuable and convenient to parties and to the court, in the administration of justice, that it should be upheld if possible ; and this consideration induces us to examine the question of the regularity of the trial.

In *White* agt. *Coulter* (8 *Supreme Court Reports, New York*, 1 *Hun*, *page* 357), the cause had been "noticed for trial at a regular special term, duly advertised and held at the town hall, in the village of Saratoga Springs, by Mr. justice BOCKES, on the 9th day of July, 1872. On that day another special term was also held in another room of the town hall by Mr. justice JAMES, he having adjourned the Ballston special term of May to that time and place. The action was, at the suggestion of Mr. justice BOCKES, the defendant's attorney assenting thereto, tried before Mr. justice JAMES." A motion was made to set aside the judgment as irregular, for the

reason, among others, that the term at which the cause was
heard was irregular.   An order denying the motion was sus-
tained at the general term.   On appeal to the court of appeals
the general and special terms were sustained, and the decision,
though not yet reported, will appear in 59th New York
Reports, page 629.

It is true that in *White* agt. *Coulter* consent to the trial was
given, but we fail to see that this makes any difference.   If
that was not a court which Mr. justice JAMES professed to
hold in July, 1872, at the village of Saratoga Springs, by
force of the adjournment from Ballston in May previous,
then the consent of parties could not make it one.   The
judgment could only be upheld by the conclusion that the
court, which judge JAMES supposed he held, was such *proprio
vigore*.   But the element of consent, if that be necessary, is
not wanting in this case.   When the court announced its
intention to adjourn the special term to the chambers of the
judge holding it, for the purpose of trying this and other
causes, the objection should then have been made.   An objec-
tion after the adjournment is ordered comes too late to be
available, if regularity depends on consent.

It is scarcely, however, necessary to argue this question.
The statute is too clear to misunderstand.   Prior to the year
1862, the Code (*sec.* 24), provided, " The places appointed
within the several counties for holding the general and special
terms, circuit courts and courts of oyer and terminer, shall
be those designated by statute for holding county or circuit
courts.   If a room for holding the court in such place shall
not be provided by the supervisors, it may be held in any
room provided for that purpose by the sheriff, as provided by
section 28.   Then follows a clause making provision for the
adjournment of such courts, the summoning of a new jury,
and the notice of new causes for the adjourned term.   The
part of the section we have quoted, however, fixed the place
of holding the court, and an adjournment elsewhere would
have been irregular prior to the year 1862.   During that

First National Bank of Rondout agt. Hamilton.

year, however (*chap.* 460 *of Laws of* 1862), the section was amended by adding to it the words: "And special terms may be adjourned to be held at a future day *at the chambers* of any justice of said court residing within the district, by an entry in the same manner, *and then adjourned from time to time* as the justice holding the same may direct." Can this language be misunderstood or evaded? It confers the power to adjourn the special term to the chambers, and the purpose and objects for which it may be adjourned not being limited, such adjournment necessarily carries with it so much of the unfinished business of the term as can legally be disposed of in the county where the chambers of the judge are located. If, however, the language of the amendment needs to be strengthened by the history of its adoption, it may be stated that it was drawn and prepared by a justice of this court, of very large and varied learning, and long experience, for the very purpose, among others, of enabling judges to hear equity causes at their chambers. Under it the practice so to hear them has become universal; and a conference with my brethren of this department enables me to say that no serious question has ever been entertained as to the regularity of the proceeding.

The assignee in bankruptcy, Mr. Carroll Whitaker, succeeds to the rights of Hamilton only, and is bound by the proceedings commenced (*Cleveland* agt. *Boerum*, 24 *N. Y.*, 613). He had an opportunity to defend, if defense could be made, and not having done so, but deliberately refused, he must be held to his election. Besides the evidence upon the trial, as well as a recent decision of the supreme court of the United States upon the questions of usury, satisfies me that there is no merit in the defense.

The motion is denied with ten dollars costs.