CULVER v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. HIGHWAYS—PRIVATE ROADS—USE FOR TWENTY YEARS.
    The use of a strip of land as a private road does not bring it within
    the provisions of 1 Rev. St. (9th Ed.) p. 704, § 100, declaring that lands
    which have been used by the public as a highway for 20 years shall be
    a highway.

2. SAME—APPROPRIATION BY CITY—POWER OF COUNCIL.
    Under Laws 1895, c. 635, tit. 7, § 26, providing that when any street
    has been laid out or ceded or dedicated to the public use as a street,
    in fact or by implication of law, so that the same can be legally ac-
    cepted as a highway, the common council of the city may lay out and
    open such street or highway, and by resolution so declare it, and there-
    upon it shall become a public street or highway, the city cannot appro-
    priate as a highway, without compensation, a private road which has
    not been ceded or dedicated to public use, by a resolution reciting a
    petition of a party owning land fronting on such road that it might be
    laid out and opened and that it had been ceded and dedicated to the
    public use as a highway, and declaring that it be laid out and opened
    as a public street.

3. MUNICIPAL CORPORATIONS—IMPROVEMENT OF PRIVATE PROPERTY—COST—
    LOCAL ASSESSMENTS.
    The charter of Yonkers (Laws 1895, c. 635) does not empower it to
    improve private property as a private road, by grading and laying stone
    steps therein for the use of the public, and assess the cost thereof on
    a restricted assessment district.

4. SAME—TRESPASS—DAMAGES—RESTORATION OF PREMISES.
    Where a city entered on a private road, and, without compensation
    or authority, erected structures thereon which partially destroyed the
    owner's means of access to his adjoining property, the city should pay
    such owner's damages, or be compelled to remove such structures and
    restore the road to its original condition.

5. SAME—REMEDY—SUIT IN EQUITY.
    Where a city wrongfully entered on a private road and erected struc-
    tures thereon to fit it for public use, which partially destroyed the own-
    er's means of access to his adjoining property, and assessed a portion

of the cost on such property, the owner may maintain a suit of equity to set aside such assessments and compel the restoration of such road to its former condition, and for damages.

Appeal from Special Term, Westchester county.

Action by Hannah J. Culver against the city of Yonkers. From a judgment in favor of the plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

I. J. Beaudrias, for appellant.
James M. Hunt, for respondent.

GOODRICH, P. J.    Baldwin Place, in the city of Yonkers, extends from Locust Hill avenue westerly to North Broadway, and is 30 feet wide. For many years it has been an open way, but until 1901 had not been graded or improved. It was steep, having a grade of about 31 feet in 100, and at the lower end, on North Broadway, terminated in a flight of several stone steps. On one side or the other, all the way along the Place, were wooden steps, with occasional landings. The intervening space was unpaved. For upwards of 30 years the plaintiff has owned a plot on the southerly side of the Place, 92 by 100 feet in size, on which she had erected a residence and two stables. These premises are near the upper end of the Place, at Locust Hill avenue, and the plaintiff had built partly across the Place and abreast the lower side of her lot a retaining wall to furnish a means of access to her lot by vehicles. It was conceded on the argument that the city had only an easement in the Place for a public street. On March 11, 1901, the common council passed a resolution declaring Baldwin Place a public street or highway. On March 25, 1901, it passed resolutions directing the preparation of plans for "regulating and grading" the Place, and on June 24th approved the plans, and ordered publication of notice inviting bids for August 25th, and also fixed a district of assessment only 100 feet in width on either side of Baldwin Place. On that day some protests were presented by some owners (not including the plaintiff), but the contract was awarded, and thereunder the Place was graded and improved as hereinafter described, at an expense of $4,477.50, of which $491.30 was assessed upon the plaintiff's premises, and a warrant for the collection issued in December. The improvement consisted of a series of stone steps, with an iron railing, and broken into landings. There was a brick gutter on both sides of the steps, but no carriage way. The plaintiff's retaining wall was removed, and all means of access by carriages to her premises were destroyed. In February, 1902, the plaintiff brought this action to remove the assessment as a cloud upon the title of her real estate, and to vacate the same, on the ground that the work done was illegal, and unauthorized in law, and that the city had constructed an illegal structure in the middle of the Place in front of her premises, which shut off access by vehicle, both to the Place and to her premises, and destroyed the Place as a public highway. She also prayed that the defendant might be enjoined from maintaining the structure and compelled to restore the Place to its original condition and grade, or,

in the alternative, to pay her all damages which she has sustained. The court found, among others, the facts already stated, and adjudged that the city be barred of all claim or interest in the plaintiff's premises by reason of the assessment; that the assessment be vacated and the city enjoined from collection thereof; that the city pay the plaintiff her damages, which were fixed at $2,000, or, in the alternative, remove the structure and restore the Place to its original condition. The city appeals.

The city contends that the Legislature had power to improve the highway in the manner indicated and to authorize the city as its agent to do so. The abstract power of the Legislature to open or improve a highway is not in question. Our discussion will rest upon other grounds, viz., whether Baldwin Place was a highway, and, if it was, whether the improvement in question can be made at the expense of the abutting owners and without compensation to them, and without any proceedings to condemn the plaintiff's property in accordance with the provisions of the city charter.

It was held in Reining v. N. Y., L. & W. R. Co., 128 N. Y. 157, 28 N. E. 640, 14 L. R. A. 133, that owners of lots abutting on a city street, even where the fee of the street is in the municipality, are entitled to the benefit of the street in front of their premises for access and other purposes, and cannot be deprived thereof without compensation, and that, where the street is practically and substantially closed against such owners for ordinary street uses, they are entitled to compensation. Story v. New York Elevated R. R. Co., 90 N. Y. 122, 43 Am. Rep. 146.

But there is no evidence that Baldwin Place ever was a public street or highway. The resolution of March 11th recited a petition of "party owning land fronting on Baldwin Place." That the Place might be laid out and opened under title 7, § 26, of the city charter (chapter 635, Laws 1895), and that the Place had been ceded and dedicated to the public use as a highway. There is no evidence whether more than one such owner petitioned for the opening, nor of any cession or dedication whatever. Its use as a private road does not bring Baldwin Place within the provision that lands which have been used by the public as a highway for 20 years shall be a highway. 1 Rev. St. (9th Ed.) p. 704, § 100. The resolution, however, on the bare recital above stated, declared the Place "to be laid out and open as a public street or highway."

Now section 26 (supra) provides that when any street has been laid out or ceded or dedicated to the public use as a street in fact or by implication of law, so that the same can be legally accepted as a highway, the common council of the city may lay out and open such street or highway, and by resolution so declare it, and thereupon it shall become a public street or highway. There is no evidence that the Place was ever ceded or dedicated as a highway. On the contrary, the court has found that, "prior to the year 1901, Baldwin Place was a private road * * * the title to the bed of which was in the plaintiff, her predecessors in title, and others." Consequently the situation presented by section 26 had not arisen, and the city had no power to declare the Place open as a highway or to

take the plaintiff's property for a public street without compensation. No proceedings for any such purpose appear in the record.

The only proceeding in the record is one entitled "In the matter of regulating, grading, and otherwise improving Baldwin Place from North Broadway to Locust Hill avenue," under which proceedings were taken to assess the whole cost upon the lands embraced in a small assessment district. This assumed that the Place was a public street when that was not the fact. We find no power in the charter under which the city can make improvements of the character in question on private property and assess the cost on a restricted assessment district. Certainly there is no such power in section 2 of title 7, on which the city seems to rely. Other sections provide a method in which streets may be laid out and opened, but this can only be done on the petition of one-third of the persons owning land on the proposed street. No such proceedings have been taken. The Place has never been ceded to or accepted by the public, and still remains a private road. It would seem to follow, necessarily, that the assessment is invalid, and should be vacated, and that, as the city has entered upon the Place in front of the plaintiff's lot without compensation and without authority, and erected structures thereon which partially destroy her means of access to her property, it should pay her damages or be compelled to remove the structures and restore the Place to its original condition.

The learned corporation counsel contends that an action in equity is not the proper remedy for the plaintiff; that if the statute is unconstitutional, the defect would be apparent on the face of the lien, and no necessity arises for an injunction. We do not hold that any provision of the charter is unconstitutional, but we do hold that the city has not taken proceedings under the provisions of its charter to open the Place as a public street, and is in fact a trespasser upon private property.

The judgment is correct, and should be affirmed.

Judgment affirmed, with costs. All concur.