(51 Misc. Rep. 556.)

### LEVINE v. MUNCHIK.

(Supreme Court, Appellate Term. November 14, 1906.)

1. APPEAL AND ERROR—JUDGMENTS APPEALABLE—DEFAULT.
   A judgment taken by default cannot be appealed from.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 885–891.]

2. JUDGMENT—OPENING DEFAULT—DENIAL—ORDER.
   Where defendant failed to appear on the hearing of his motion to open a default, the motion should not have been denied, but dismissed.

3. APPPAL AND ERROR—JUDGMENTS APPEALABLE—OPENING DEFAULT—DENIAL.
   An order denying a motion to open a default is appealable.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 766.]

4. SAME—DETERMINATION—MODIFICATION OF ORDER.
   Where defendant failed to appear on the hearing of a motion to open a default, and the order of the court thereon improperly recited a denial, instead of a dismissal, of the motion, it can only be modified upon appeal by making it conform to the facts and providing for a dismissal of the motion, instead of a denial thereof.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4507.]

5. JUDGMENT — CONCLUSIVENESS — OPENING DEFAULT — SUCCESSIVE APPLICATIONS.
   An order improperly reciting a denial, instead of a dismissal, of a motion to open a default, was in force and valid until set aside or reversed, and defendant could not evade its provisions by seeking the same relief by application to a different judge.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Max S. Levine against Kieve Munchik. From a judgment for plaintiff, and from certain orders, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Max Brown, for appellant.

Max S. Levine, pro se.

GILDERSLEEVE, J. As near as we can determine from the somewhat confusing record presented upon this appeal, and from what can be gleaned from the ambiguous and contradictory statements contained in the briefs of counsel, the history of this case appears to be as follows: The plaintiff began the action by the service of a summons returnable on May 31, 1906, and the parties appeared and the case was adjourned until June 13, 1906. Upon the adjourned day the parties again appeared, and the defendant by his attorney asked for a further adjournment upon the ground that he had an absent material witness whom he had been unable to serve with a subpœna. This motion was denied, and it appears that the defendant took no further part in the trial, but suffered a default, and an inquest was taken, and judgment entered against him. The defendant thereupon appealed from said judgment, as appears from a notice of appeal attached to the record and dated on that day. On the same day the defendant procured an order to show cause why the judgment should not be vacated and set aside, and why he should not be permitted to "come in and defend the case." This order was returnable on the 18th day of June, 1906. On the same day the judge who granted the last-mentioned order made another order, apparently upon the request of the plaintiff, by which he changed the return day of his first order from June 18th to June 14th, and a copy of the order changing the return date as aforesaid was served upon the defendant and upon his attorney. No moving papers upon which this order was granted appear in the return; the order, as to appearance of counsel reciting merely that the plaintiff's counsel appeared in opposition. The order, however, denied the motion, and from this order, dated June 14, 1906, as well as again from the judgment of June 13, 1906, aforesaid, the defendant appeals by notice of appeal dated June 14, 1906. Subsequently, and upon June 28, 1906, the defendant obtained another order, returnable July 6, 1906, requiring the plaintiff to show cause why his default should not be opened and he be permitted to defend. This order was heard on July 13, 1906, before another justice than the one making the order of June 14th, and by him denied, and the defendant appealed again from this order, by notice of appeal dated August 6, 1906.

It is difficult to see how any more errors in practice could be made in one case than are presented by this record.

First. The judgment taken by default cannot be appealed from. Kerr v. Walter, 104 App. Div. 45, 93 N. Y. Supp. 311; Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 246.

Second. The first motion made to open the defendant's default should not have been denied, but dismissed, as the defendant clearly did not appear upon the hearing, as no moving or opposing papers are contained in the record. The order, as before stated, reciting merely the appearance of the attorney for the plaintiff, it is therefore evident that there was no appearance on the part of the defendant.

This order was an appealable order. Bass v. Carley (Sup.) 96 N. Y. Supp. 1023. But, the order being one not determining the merits of the defendant's application, and improperly reciting a denial, instead

of a dismissal, of the motion, it can only be modified upon this appeal by making it conform to the facts and providing for a dismissal of the motion, instead of a denial thereof.

Third. The appeal from the last order cannot be sustained. The defendant had already appealed from the order of June 14, 1906, and his appeal was pending when he obtained from another judge a second order for the same relief. The application so made to another judge was an improper one. Section 253 of the Municipal Court Act (Acts 1902, p. 1562, c. 580) does not provide for, nor does orderly practice permit a suitor to make, successive applications to different judges to open defaults after a motion therefor has been denied by one. The order of June 14th denying defendant's motion was in force and valid until set aside or reversed, and the defendant could not evade its provisions by seeking the same relief by application to a second judge. The denial of this last motion was correct, and presumably upon the ground that the order of June 14th was still in effect and appeal pending therefrom. This order must therefore be affirmed.

Appeal from judgment dismissed, with $10 costs. Order of June 14, 1906, modified, by providing therein that the motion be dismissed, and striking out the provision therein for costs, and, as modified, affirmed, without costs of this appeal. Order of July 13, 1906, affirmed, with costs, but without prejudice to the defendant to make a new motion in the court below, upon payment of the costs herein imposed, to open his default and to be allowed to defend the action upon the merits. All concur.