## VOLUME 110,

### AND

## New York State Reporter,

## VOLUME 144.

(125 App. Div. 625.)

### SLOAN v. BEARD.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

MOTIONS—SUCCESSIVE MOTIONS.

    The practice of moving before one judge at Special Term to declare void the order or judgment of another judge at Special Term is not sanctioned by any provision of the Code or by any controlling authority, and cannot be too strongly condemned, amounting, as it virtually does, to an appeal to one Special Term from an order of another Special Term, which appeal, if desired, should be taken to the Appellate Division.

Appeal from Special Term, Kings County.

Action by James Sloan against Grace F. Beard. From an order of the Special Term granting a motion, plaintiff appeals. Reversed, and motion denied.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

J. Stewart Ross, for appellant.
Alexander S. Andrews, for respondent.

HOOKER, J. As we read the record, this is an appeal from an order of the Special Term granting a motion where a similar application had been made, substantially the same relief being demanded, and denied theretofore by a Special Term held by a justice of the Supreme Court other than the one sitting in the court which made the order now appealed from. In this case there has been virtually an appeal from one Special Term of the Supreme Court to another, with the result

that the latter has reversed the former. This practice, which has grown altogether too common, cannot be too strongly condemned. The question is not new, and there is no reason why the practice should not be understood. "The practice of moving before one judge at Special Term to declare void the order or judgment of another judge at Special Term is not sanctioned by any provision of the Code that I am aware of, or by any controlling authority. It virtually amounts to an appeal from one Special Term to another Special Term for a review of the first order." Platt v. N. Y. & Sea Beach Ry. Co., 170 N. Y. 451, 458, 63 N. E. 532, 534. If a review of the first order had been desired, it should have been had by an appeal to this court, instead of to a co-ordinate Special Term.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(125 App. Div. 641.)

PEOPLE ex rel. VILLAGE OF NORTH PELHAM v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

RAILROADS—STATIONS—NAME—"IN."

  Where a railroad station is not wholly "in" a village, but is half in it and half in another village, the railroad cannot be compelled by Railroad Law, Laws 1892, p. 1392, c. 676, § 34, requiring a railroad station in a village to have the same name as the village, to change the name of the station to that of the village.

  [Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3461, 3465; vol. 8, p. 7683.]

Appeal from Special Term, Westchester County.