GOLDENBERG v. ADLER.

(Supreme Court, Appellate Term. May 24, 1910.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—MOTION TO VACATE.
   A motion to open a default, once denied, cannot be renewed, unless with leave of the same judge who denied it, or unless made upon presentation of new facts which have occurred since the denial of the previous motion, in which case the renewal may be made as a matter of right; and the only apparent exception to this rule is that, when such a motion is renewed at the same term, before the same judge, and entertained by him, it is regarded as having been made upon his implied leave.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—MOTION TO OPEN.
   A new motion to open a default is the same as the old motion, if the relief demanded is the same, and it is not made upon new facts, merely because made on new papers, by which counsel seeks to cure his carelessness in preparing the papers on the previous motion, or to obviate the risk which he took on the previous motion of omitting to present then existing facts or considerations to the attention of the court.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Isidor Goldenberg against Jacob P. Adler. From a judgment for defendant, dismissing the complaint, plaintiff appeals. Judgment vacated.

Argued before SEABURY, GUY, and BIJUR, JJ.

Leon N. Futter, for appellant.

Charles Firestone, for respondent.

BIJUR, J. This action was begun April 20, 1909. After numerous adjournments, it came to trial before Justice Weil October 28, 1909. Defendant's motion for an adjournment on that day having been denied, plaintiff took judgment upon default. On the same day Justice Hoyer, on defendant's application, granted an order to show cause, with a stay, why the default should not be opened. This motion came on to be heard before Justice Moore, who made the following order on October 8, 1909:

"This motion must be denied. No affidavits of merits accompanied the original order to show cause. Nowhere does it appear that defendant is a material witness, although it may be assumed that he is. This fact must be stated, however. Again, the remedy for defendant is to appeal from Justice Weil's denial of his motion for an adjournment, which denial can only be reviewed on appeal. Levine v. Munchik, 51 Misc. Rep. 558, 101 N. Y. Supp. 14; Sloan v. Beard, 125 App. Div. 625, 110 N. Y. Supp. 1. Enter order denying motion.          "W. T. M., J.
"October 8, 1909."

Thereupon a formal order denying the defendant's motion to open the default was entered, and defendant appealed from said order to this court.

The appeal having been argued at the February term, the order of Judge Moore was affirmed by this court on February 24, 1910. Thereupon, on February 25th, defendant moved to resettle the order, affirming the order appealed from, so that it might grant leave to him to renew his motion in the court below "on new and additional papers." That motion was denied in this court on March 1st.

Meanwhile, on February 28th, defendant applied to Justice Hoyer and obtained an order to show cause why the default should not be opened. On March 1st plaintiff secured from Justice Hoyer an order vacating the above order to show cause, and defendant secured an order allowing it to stand. The clerk of the court refused to enter such contradictory orders. Thereupon both parties went before Justice Hoyer, who finally determined that plaintiff's order vacating the order to show cause should stand. Late in the afternoon of the same day, however, he granted a new order to show cause why the default should not be opened, returnable March 2d at 9 a. m.

Both counsel appeared before him at that time, and plaintiff's counsel called his attention to the decision of the Appellate Term, published that morning in the Law Journal, denying plaintiff's application to resettle the order, by adding thereto leave to renew the motion to open the default in the court below. Nevertheless Justice Hoyer entertained the motion before him, and on March 14th (filing a memorandum) decided that the default should be opened, and set the case down for trial on March 21st. A formal order was entered, on this decision, by defendant, on March 15th, and a copy served on plaintiff's

counsel March 19th, Saturday, late in the afternoon. On the following Monday, March 21st, when the case was called for trial, plaintiff's counsel contented himself with appearing specially to contest the validity of the proceedings, and merely offered to the court the papers constituting the record of all that had transpired in the case as hereinabove set forth. Judgment was, however, rendered, in favor of defendant, dismissing the complaint. From this judgment, plaintiff appeals, bringing up for review the various intermediate orders above set forth.

Without comment on the course pursued by Justice Hoyer in granting and vacating numerous conflicting orders to show cause almost simultaneously, and quite apart from his entertaining a motion to open the default, after leave to make that very motion in his court had been denied by this appellate tribunal, it suffices to say that his order of March 15th, opening the default, was made without right and in violation of settled practice.

A motion of the kind required to be made upon notice, once denied by a judge, cannot be renewed, unless (a) with leave of the same judge who denied it, or (b) if made upon presentation of new facts which have occurred since the denial of the previous motion—in which case the renewal may be made as a matter of right. Riggs v. Pursell, 74 N. Y. 370, 379; Veeder v. Baker, 83 N. Y. 156, 162; Noonan v. N. Y., L. & W. R. R. Co., 68 Hun, 387, 22 N. Y. Supp. 860; Sheehan v. Carvalho, 12 App. Div. 430, 42 N. Y. Supp. 222; Sloan v. Beard, 125 App. Div. 625, 110 N. Y. Supp. 1; Silver & Co. v. Waterman, 127 App. Div. 339, 111 N. Y. Supp. 546. The entire subject is carefully reviewed in Belmont v. Erie R. R. Co., 52 Barb. 637, 651.

The only apparent exception is that, when such a motion is renewed at the same term, before the same judge, and entertained by him, it is regarded as having been made upon his implied leave. Harris v. Brown, 93 N. Y. 391; First National Bank of Rondout v. Hamilton, 50 How. Prac. 116, 118, 119.

The new motion is the same as the old motion, if the relief demanded is the same; and it is not made upon new facts, merely because made on new papers by which counsel seeks to cure his carelessness in preparing the papers on the previous motion, or to obviate the risk (which he was willing to take on the previous motion) of omitting to present then existing facts or considerations to the attention of the court. Haskell v. Moran, 117 App. Div. 251, 102 N. Y. Supp. 388.

In addition to all this, it must be remembered that, as the Municipal Court is one of statutory creation, and its jurisdiction strictly limited, there is, to say the least, grave doubt whether, after a motion to open a default under section 253, c. 580, Laws 1902, is once denied, the court is not functus officio as to that application. See Colwell v. N. Y., N. H. & H. R. R. Co., 57 Misc. Rep. 623, 108 N. Y. Supp. 540; Friedberger v. Stulpnagel, 59 Misc. Rep. 498, 112 N. Y. Supp. 89.

Under the above authorities, no leave having been granted by Justice Moore to renew the motion denied by him, and no new facts having either arisen or been presented, and the application for leave to renew, which might, in the first instance, perhaps, have been made to Judge Moore, having been made to, and denied by, this court on appeal from

his order, the subsequent applications of defendant's counsel were manifestly unwarranted, and all proceedings (whether in the form of orders or judgment) taken thereupon by Justice Hoyer without right or authority.

The judgment entered March 21, 1910, dismissing the complaint, and the order of March 15th, opening the previous default, are vacated, with costs to plaintiff of this appeal, and the original judgment, entered October 28, 1909, in favor of the plaintiff, is reinstated. All concur.