## SOULE v. LOOKSTEIN.

(Supreme Court, Appellate Term, First Department. January 4, 1915.)

1. JUDGMENT (§ 159*)—DEFAULT—PROCEEDINGS TO SET ASIDE—ALLEGATION OF DEFENSE.

     A statement, in affidavits in support of a motion to set aside a default entered against a judgment debtor in supplementary proceedings, that the debtor has a good, substantial, and meritorious defense, is a mere conclusion, and is insufficient to support a finding that there was a defense upon the merits.

     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 310, 312, 313; Dec. Dig. § 159.*]

2. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—PUNISHMENT FOR CONTEMPT.

     Where a judgment debtor tendered, by his motion to set aside a default and attachment for contempt against him in supplementary proceedings, an issue upon the merits as well as upon the question of nonservice of the orders upon him, and an order overruling his motion was affirmed on appeal, he has had his day in court as to the merits of the contempt charge, and cannot have a stay of the order punishing him therefor pending an appeal from that order.

     [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

3. APPEAL AND ERROR (§ 1232*)—LIABILITY ON BOND—PUNISHMENT FOR CONTEMPT—ESTOPPEL.

     Where a judgment debtor, on appeal from an order overruling his motion to set aside a default and attachment for contempt against him in supplementary proceedings, gave a bond conditioned that if the order was affirmed he would pay the fine, he was estopped after the affirmance of the order from claiming that the fine was illegal.

     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4753–4757; Dec. Dig. § 1232.*]

Supplementary proceedings by Ullman B. Soule against Max F. Lookstein. On motion by judgment creditor to vacate an order granting a stay to the judgment debtor pending an appeal by him from an order punishing him for contempt. Motion granted, and stay vacated.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

M. Brown, of New York City, for appellant.

Charles S. Amsel, of Brooklyn, for respondent.

GUY, J. This is a motion made herein for an order modifying an order heretofore made granting a stay to the judgment debtor pending an appeal by him from an order of the City Court, dated November 30, 1914, adjudging him in contempt for failure to appear in supplementary proceedings under an order dated April 21, 1914. The facts upon which this stay was granted were not fully set forth upon the motion, but as presented upon this rehearing are substantially as follows:

The judgment debtor, after the issuance and return of an execution against his property, was required by an order made in supplementary proceedings to appear and be examined in regard thereto. He failed to appear, and an order to show cause why he should not be punished as for a contempt was issued, returnable on May 11, 1914. He also failed to appear upon the return of this order, and his default was

noted, and an order made that an attachment issue, returnable forthwith. The debtor's attorney thereupon applied for and obtained an order to show cause, with a stay returnable on the 15th day of May, 1914, why—

"the default taken herein on the 11th day of May, 1914, should not be opened, and why the judgment debtor should not be allowed to come in and defend the motion on the merits, and why he should not be allowed to traverse the return herein."

[1] This order was based upon affidavits, and the only reference to the merits therein was the statement that the debtor "has a good and substantial and meritorious defense to this motion." This is a mere conclusion, and gives no facts upon which to base a finding that there was a defense upon the merits; in fact, the entire effort of the debtor upon the motion was directed to showing that he had never been served with the orders for his appearance. The opposing affidavits controverted this, and the court below found upon this issue of fact against the debtor and denied his motion. The debtor took an appeal from this order, and applied for an order staying proceedings on the part of the judgment creditor pending such appeal. This stay was granted upon condition that the debtor should give a surety company bond, conditioned that:

"If the order appealed from was affirmed, or the appeal dismissed, the debtor or the surety would pay the amount of the fine imposed by the court below and the costs."

The bond was furnished containing that condition. Upon appeal, the order of the City Court denying the debtor's motion to open his default was affirmed by this court. After such affirmance the debtor was brought into the City Court, and by an order of that court dated November 30, 1914, was fined the amount of the judgment and the costs. The judgment debtor has appealed from this last order, and it was upon such appeal that the stay, now sought to be modified, was granted.

[2] Upon the facts now appearing it is clear that the stay so granted should be vacated entirely. The judgment debtor has had his day in court. He did not move to vacate the attachment in the lower court, but to open his default, and to be allowed, among other things, to show a defense upon the merits as to why he should not be punished for contempt in failing to obey the mandate of the court. Any and all of the grounds which he now claims he wants reviewed by this court upon his present appeal from the order fining him could have been urged upon the hearing on the return of the order on May 15, 1914, as a reason why his default should be opened. Upon the return of that order, the debtor tendered an issue upon the merits, as well as upon the question of nonservice of the orders but failed to give any reason why, if proper service of the orders had been made, he should not be punished. To permit the debtor to again present reasons why he should not be punished for the disobedience of the previous orders requiring him to appear would in effect be permitting him to renew his motion to open his default, and upon appeal from an order denying such motion have the entire case heard de novo. A motion once made and denied cannot

be renewed without the consent of the judge who heard it, or upon the presentation of new facts which have occurred since the denial of the motion. Goldenberg v. Adler, 123 N. Y. Supp. 387.

[3] Another equally cogent reason for vacating the stay herein is this: The debtor gave a bond, as hereinbefore stated, to the effect that, if the order appealed from was affirmed, he would pay the fine imposed for his failure to appear. He took the benefit of that order, his appeal was heard, and the order affirmed. The consequent imposition of the fine was the legitimate sequence of the order appealed from, and he is now estopped from claiming that the fine thus imposed was without authority of law.

Motion granted, and stay vacated. All concur.