PHILIP SONTAG, Respondent, *v.* JACOB KATZENBERG and BESSLER REALTY CORPORATION, Appellants.

Supreme Court, Appellate Term, First Department, April 14, 1924.

Judgments — motion by plaintiff to open judgment on defendant's counterclaim, made five months after his default and after denial of similar motions, denied.

A motion by plaintiff made five months after his original default to open a judgment entered against him upon defendant's counterclaim should be denied, since it appears that prior motions to open his default and for reargument had been denied; that his appeal to the Appellate Term from the denial of one motion for reargument was dismissed, and that there are no additional facts shown. BIJUR, J., dissents.

APPEAL by defendants from an order of the Municipal Court of the city of New York, borough of Manhattan, fourth district, granting plaintiff's motion to open the default judgment on a counterclaim.

*Fred M. Wolf* (*Leon Himmelfarbe,* of counsel), for the appellants.

*Kornbluth & Pollack* (*Samuel Kornbluth,* of counsel), for the respondent.

McCOOK, J. Plaintiff defaulted in appearance, and judgment was entered against him upon defendant's counterclaim. Plaintiff moved to open default and vacate judgment and the motion was denied on the ground of no affidavit of merits. A second application was also denied because of insufficiency of the affidavit of merits, and no defense shown to the counterclaim. A third motion was also denied, no leave for renewal having been first obtained. A fourth motion, this time for a reargument, was not decided within the statutory period, and thus lapsed. A fifth motion, also for reargument, was denied, on the ground that leave had neither been asked nor granted. From the order on the fifth motion, the plaintiff appealed to this court, and the appeal was dismissed, with costs.

Finally, five months after the original default, plaintiff applied for and obtained, from the same justice who had rendered the judgment and heard all the motions, leave to renew the motion and grant a rehearing of the motion to open the default. Upon such rehearing, the motion was granted, the default was opened and the judgment vacated. From this order defendant appeals.

I have accepted in the foregoing summary respondent's statement of facts.

**10**

Appellate Term, First Department, April, 1924. [Vol. 123

In May, 1923, this court, in deciding *American Dry Plate Co.* v. *New York Ferrotype Co.*, 200 N. Y. Supp. 115, 116, a case where the same justice who had taken a default and first denied a motion to open it, had later granted a similar motion, expressed itself as follows: " The Municipal Court being a court of record its orders determining motions are *res judicata,* unless material and controlling facts not presented on the first motion are disclosed on the second. No such case of new matter was made out here."

In the case before us respondent concedes that " there were no additional facts," and none are shown by the record. Without deciding whether, as claimed by appellants, the conduct of the attorneys below constituted abuse of process and the granting of the motion by the court below abuse of discretion we believe the order appealed from cannot stand.

Both sides quote the opinion of this court (Bijur, J., writing) in *Goldenberg* v. *Adler*, 123 N. Y. Supp. 387, which reviews the law on the subject beginning with the leading case of *Belmont* v. *Erie Ry. Co.*, 52 Barb. 637. We then held that, no leave having been granted by the justice who denied the first motion, and no new facts having arisen or been presented, and the application for leave to renew having been made to and denied by this court on appeal, the subsequent applications were manifestly unwarranted. We find nothing in the *Goldenberg* opinion, whether expressed by way of dictum or otherwise, to sustain respondent's contentions. Moreover, when it was written the Municipal Court of the city of New York was not yet a court of record.

Order reversed, with ten dollars costs, and judgment reinstated.

CRAIN, J., concurs; BIJUR, J., dissents.

Order reversed.