YETTA FLANDERS, Plaintiff, *v.* THOMAS E. MURRAY, as Receiver of INTERBOROUGH RAPID TRANSIT COMPANY, Defendant.*

Supreme Court, Trial Term, Bronx County, April 24, 1941.

*Alfred C. Bennett*, for the plaintiff.

*James L. Quackenbush*, for the defendant.

McGEEHAN, J. Upon the evidence adduced, the jury has obviously found that the defendant has failed to exercise ordinary care and that the condition was such as would have caused an

* See, also, *O'Brien* v. *Lehigh Valley R. R. Co.* (177 Misc. 25).

ordinarily prudent person to anticipate that such condition would increase the hazard of the use of the premises to the person using ordinary care and prudence in such use. Perhaps the court might not have found, as a matter of fact, that the condition was such as to increase the hazard to the person using ordinary care, but was so slight as not to be actionable as a matter of fact, but the jury has found to the contrary and by a unanimous verdict. At an earlier trial the jury disagreed and was discharged. It appears clear that the only possible conclusion consistent with logic and reason is that the question at issue is one on which reasonable men and women might differ, and hence it is solely within the province of a jury's determination. The fact that the court might differ with the jury on the facts does not warrant this court in ruling that those people who arrive at a different conclusion are unreasonable because they have arrived at a conclusion different from the one arrived at by the court. If the jury system has the potency intended for it, then this verdict having been duly rendered by the jury upon matters entirely within their province as jurors cannot be set aside by this court. Furthermore, a co-ordinate branch of this court has earlier ruled on the matter as a matter of law to the effect that the question was properly one for the jury's determination and this court has been constrained to follow that ruling and not to rule to the contrary, because reversing such a disposition on the law is a matter for an appellate court rather than for a tribunal of co-ordinate jurisdiction.

Hence the motion to set aside the verdict is denied.

The defendant is given a thirty-day stay of execution and sixty days in which to make out a case.