M. Frances O'Brien, as Administratrix, etc., of Arthur B. O'Brien, Deceased, Plaintiff, *v.* The Lehigh Valley Railroad Company, Defendant.

Supreme Court, Monroe County, September 2, 1941.

*Harris, Beach, Folger, Bacon & Keating*, for the plaintiff.

*Moser & Reif*, for the defendant.

Lapham, J.   The first trial of this action resulted in a disagreement of the jury.   On the second trial the jury returned a verdict in favor of the plaintiff for $50,000.   At the close of the evidence in this trial the defendant renewed its motion made at the end of the plaintiff's case for a nonsuit, and further moved for a dismissal of the complaint and for a direction of a verdict in favor of the defendant on the grounds that the plaintiff had failed to prove any negligence on the part of the defendant contributing to the accident, and that it affirmatively appeared that the accident was caused or contributed to by the negligence of plaintiff's intestate.   Decision

on the motion for direction of the verdict was denied with exception. Decision on the motion to dismiss the complaint was reserved.

While the question is an exceedingly close one, after a careful review of the evidence in the light of the authorities cited by counsel for both parties, I believe there was a possible hypothesis on the evidence which forbade the imputation of fault to the decedent and permitted the imputation of negligence to the defendant, and that hence the question was one for the jury.

There is, however, another important consideration here. On the first trial of the action, the issues of negligence and contributory negligence on evidence that was substantially the same as that produced before me were submitted to the jury. This determination was reached by another judge of co-ordinate jurisdiction and power, and I am constrained to abide by his ruling in the absence of any decisive circumstances distinguishing the issues and the state of the evidence on the first trial from those before me.

My attention has not been called by counsel to any judicial precedent involving the question of co ordinate jurisdiction. The general rule is now universally followed in this State that relief from an adverse decision cannot be had by moving upon the same facts before another judge of co-ordinate jurisdiction; the aggrieved must seek his remedy by appeal. This practice is not laid down by statute nor imposed by court rule. It is the outgrowth of judicial decisions and is universally applied. (*Platt* v. *N. Y. & Sea Beach R. Co.*, 170 N. Y. 451, 458; *Sloan* v. *Beard*, 125 App. Div. 625; *Grassi* v. *Emkay Motor Renting Co., Inc.*, 233 id. 700; *Parks* v. *Welsch*, 230 id. 734.) Is the principle upon which this case law rests controlling here? In a recent memorandum decision by a distinguished member of the trial bench of the First Judicial District this principle was applied and extended to facts closely paralleling those in the present litigation. In that case, which sounded in negligence, the court submitted the issue to the jury which ultimately disagreed and was discharged. The case came on for retrial before Mr. Justice McGeehan and he, likewise, submitted it to the jury which rendered a verdict in favor of the plaintiff. In denying a motion to set aside this verdict, he said: " A co-ordinate branch of this court has earlier ruled on the matter as a matter of law to the effect that the question was properly one for the jury's determination and this court has been constrained to follow that ruling and not to rule to the contrary, because reversing such a disposition on the law is a matter for an appellate court rather than for a tribunal of co-ordinate jurisdiction. Hence the motion to set aside the verdict is denied." (*Flanders* v. *Murray*, 177 Misc. 239.)

The evidence permitted, in my judgment, conflicting inferences on the negligence of the defendant and on the contributory negligence of the decedent, and the jury has drawn the inferences favorable to the plaintiff. I do not feel that any compelling reasons have been advanced for disturbing this verdict. Moreover, with a young man of decedent's family obligations and professional background, I do not regard this verdict as excessive.

The motion to dismiss the complaint on which decision was reserved is denied and the motion to set aside the verdict and for a new trial is denied, with exception as to each.

Let order enter accordingly.