James W. Bailey, J.
Defendants move to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.
Plaintiff has intermingled causes of action for declaratory judgment with causes of action for injunctive relief and has included many allegations in the complaint which do not appear necessary to support either cause of action. Nevertheless, if *710 plaintiff is entitled to recover in any aspect upon the facts stated, the motion to dismiss must be denied. (See Abrams v. Allen, 297 N. Y. 52.)
Plaintiff, in the first cause of action, alleges that it owns land to the center line of Ormond Place and that there was not sufficient user for 20 years to authorize the Town of Mamaroneck to declare it a public highway. These allegations if proven would entitle plaintiff to injunctive relief against the town and the superintendent of highways. (See Feuer v. Brenning, 201 Misc. 792, affd. 279 App. Div. 1033, affd. 304 N. Y. 881; Culver v. City of Yonkers, 80 App. Div. 309, affd. 180 N. Y. 524; Goldrich v. Franklin Gardens Corp., 282 App. Div. 698; La France v. Town of Altamont, 277 App. Div. 917.) If any valid cause of action is alleged, the motion to dismiss, which is addressed to the entire complaint, must be denied. (See Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79; Oshins v. Zimmerman, 284 App. Div. 989; Andrews v. 98 Montague Inc., 282 App. Div. 1066; Lerman v. Johnson, 280 App. Div. 935.) The denial of the motion however is in no way an indication of the court’s approval of the second cause of action.
Inasmuch as plaintiff does have an adequate remedy by injunction it does not appear that there is any basis to entertain an action for a declaratory judgment. Plaintiff contends that a declaratory judgment is necessary because a legislative act of the town board is under consideration. The resolution of the town board here under attack did not constitute a dedication of a public highway. It merely constituted an official approval of the user and was predicated upon section 189 of the Highway Law. This section authorizes the declaration of a public highway upon the theory of dedication by presumption made conclusive by acquiescence in public use for more than twenty years. (James v. Sammis, 132 N. Y. 239, 247.) The resolution of the town board is based upon the user which it found to be sufficient and the only apparent issue is as to the sufficiency of the user. This issue may be resolved in an action for an injunction. The dedication is by statutory declaration and the resolution of the town board is not an essential part of the dedication pursuant to section 189 of the Highway Law. (People ex rel. Minard v. Donovan, 228 App. Div. 596; Petrie v. City of Rochester 206 Misc. 96.) Consequently the resolution of the town board may not be made the basis of a separate action or proceeding when complete relief may be obtained by injunction.
Motion denied.
Submit order.