Arthur D. Brennan, J.
On this motion, the defendants seek three items of relief. They move: (1) for judgment on the pleadings, pursuant to rule 112 of the Buies of Civil Practice; (2) for summary judgment dismissing the complaint, pursuant to rule 113 of the Buies of Civil Practice (these items (1) and (2) appear to he directed against the first cause of action alleged in the complaint); and (3) for a dismissal of the second cause of action alleged in the complaint, upon the ground that the same is legally insufficient, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice.
With respect to the first above item, it should be noted that in January of this year, the defendants moved, before Mr. Justice Bailey, for an order dismissing the complaint herein for legal insufficiency. Thereafter, Mr. Justice Bailey held that the first cause of action was legally sufficient and (without passing upon or approving the second cause of action) denied the said prior motion (6 Misc 2d 709). The rule seems clear that where, as here, the defendants move for judgment on the pleadings, the defenses contained in the answer are deemed *685 controverted and may not be considered, and the motion must therefore be treated merely as one attacking the sufficiency of the complaint. (Lipkind v. Ward, 256 App. Div. 74; Stevenson v. News Syndicate Co., 302 N. Y. 81, 87, 88.) Since the first cause of action has heretofore been sustained as legally sufficient, the defendants herein, if aggrieved, must look to an appeal as their sole remedy and the instant motion for the same relief should be and the same is denied. The practice of moving before one Justice at Special Term to declare void or to overrule the order or determination of another Justice at Special Term is improper and has been universally condemned by the courts of this State, for such practice amounts to an appeal from one Special Term to another for a review of the first order or determination. (Platt v. New York & Sea Beach Ry. Co., 170 N. Y. 451; O’Brien v.. Lehigh Valley R. R. Co., 177 Misc. 25, affd. 264 App. Div. 831, affd. 289 N. Y. 783.)
With respect to the second above item, this court is of the opinion that there are here present issues of fact which may only be resolved upon a trial and the motion for summary judgment is therefore denied.
Turning now to the third above item, it should be noted that despite the plaintiff’s vigorous protestations to the effect that the second cause of action is not a taxpayer’s action brought pursuant to section 51 of the General Municipal Law, the fact remains that said plaintiff specifically alleges in paragraph “Thirty-third” of the subject cause of action that it was and still is an owner of real property in the town of Mamaroneck and a taxpayer of said town. To the extent that this second cause of action seeks injunctive relief restraining the defendants from holding meetings and conducting the town’s legislative and business affairs in the manner complained of, said cause of action is, in this court’s view, a taxpayer’s action and nothing else. Further, with respect to the remaining allegations of the said second cause of action (wherein the plaintiff seeks a judgment declaring that certain ordinances and acts alleged to have 1 -eon improperly and illegally adopted, resolved or passed since Jan. 1, 1956 are illegal and void) this court is of the opinion that the principles enunciated in Altschul v. Ludgwig (216 N. Y., 459) and in Western N. Y. Water Co. v. City of Buffalo (242 N. Y. 202) should and do apply thereto with the same force as in a taxpayer’s action. In the cited cases, it was held that where, as here, no present or threatened waste of public funds is alleged, there must be more than a claim of mere illegality; it must also appear that the illegal action complained of was or is in some way injurious to the municipal *686 and public interests and that the same has resulted or will result in increased burdens upon and dangers and disadvantages to the municipality and its taxpayers. This court therefore holds that the second cause of action is legally insufficient in that as a taxpayer’s action seeking injunctive relief, the plaintiff has not alleged that the real property which it asserts it owns is assessed in an amount of $1,000 or more and further, in that as to all the relief sought therein, it does not contain adequate allegations of ultimate facts which fulfill the requirements of the cases above cited.
The present allegations of the second cause of action contain charges of serious irregularities. Nothing contained in this opinion should be construed as an expression on the part of this court that said charges are founded in fact. In considering and passing upon the legal sufficiency of the said second cause of action, this court was required to follow and has followed the well-established and fundamental rule of law that on an application of this character, the allegations of a challenged complaint must be assumed to be true.
The motion to dismiss the second cause of action is granted, but the plaintiff shall have leave, if it be so advised, to serve an amended complaint within 20' days following the service of a copy of the order to be entered hereon with notice of entry thereof.
Settle order on notice.